Nicholson, C. J.,
delivered the opinion of the Court.
Elizabeth Kirkman, as executrix, on the 18th of June, 1870, filed her attachment bill against the heirs and devisees of Thomas Philips, citizens of Ohio, to recover the value of certain machinery, iron, etc., alleged to have been tortiously taken in 1863 or 1864 by one Gibson, by him conveyed to Cincinnati, Ohio, and there delivered to one Moore, and by Moore sold to Thomas Philips and his son, George Philips!
The property so taken and converted by Gibson, Moore, and Philips, is alleged to have been worth twelve or fifteen, thousand ■ dollars. Philips has died testate, and his devisees are made defendants. Lands in Stewart county belonging to the devisees of Philips have been attached, and the bill prays that they may be sold, and the proceeds applied in satisfaction of the debt due the complainant for the machinery, iron, etc., so converted by Philips.
The bill was dismissed by the Chancellor upon de *224 murrer, the cause of demurrer being that the recovery sought by the bill being for a tort, the same was barred by the statute of limitation of three years.
The allegations of the bill make a case of tort in the taking of the machinery and iron, and a conversion by Moore and Philips, but they show clearly that complainant is seeking to recover the value of the property, and not the property itself, or damages for the tort- or conversion. The value so sought to be recovered is claimed to be a debt due from Philips originally, and now from the devisees of Philips, who is charged with the last conversion. The bill is therefore maintainable, the tort being, by force of the language of the bill waived, and the value of the property claimed as a debt: Alsbrooks v. Hathaway, 3 Sneed, 454; Campbell v. Reeves, 3 Head, 228; Bennett v. Kennedy, ib., 675. Although there are many authorities in other States holding that it is only after property has been converted into money that the tort can be waived, and an action for the money maintained, yet in our own State the doctrine is fully settled, that in a case of conversion the complainant has an election to insist either upon damages for the conversion, or to waive these and sue for the value of the property. If the original owner of the property elect to sue for the property, or ' for damages for the conversion, the action will be barred by the statute of three years: Code, sec. 2773. But if the party elects to sue for the value of the property, the action will be barred in six years: Code, sec. 2775. It is true, as ai’gued, that a wrongdoer may obtain a title to the *225 property by three years adverse possession, and yet be liable for three years after his' title is perfected to pay the original owner the value thereof. This is a necessary consequence of the right which the original owner has to elect whether he will sue for property or its value. During six years his right to sue for the value is as perfect as his right to sue for the property within three years. This right is not interfered with by the provisions of the Code abolishing the distinctions in the forms of actions. The statute of limitations applicable to the cause depends upon the nature and character of the action, and not upon its form. In the case before us, the complainant has elected to waive the tort and to sue for the value of the property converted, and in so doing he is entitled to the benefit of the six years statute. It does not appear on the face of the bill that six years have elapsed from the time of the purchase of the property by Philips until the filing of the bill.
The demurrer was therefore erroneously sustained.
The decree sustaining the demurrer and dismissing the bill is reversed with costs, and the cause remanded for answer and further proceedings.